UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,<br><br>Post-Effective Date Debtors.¹ | Chapter 11<br><br>Case No. 22-10964-mg<br><br>(Jointly Administered) |
| BARBER LAKE DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRIORITY POWER MANAGEMENT, LLC,<br><br>Defendant. | Adv. Proc. No. 24-04010-mg<br><br>**CASE MANAGEMENT AND**<br>**SCHEDULING ORDER** |

This Case Management and Scheduling Order is entered by the Court, following a Scheduling Conference held on August 27, 2024, in accordance with FED. R. CIV. P. 16(b) and 26(f).

1. Amended pleadings may not be filed and additional parties may not be joined except as permitted under FED. R. CIV. P. 15(a)(1) or with leave of the Court. Any motion to amend or to join additional parties shall be filed within 21 days from the date of a decision on the motion to dismiss filed August 19, 2024 (Dkt. No. 13).

---

¹ The "Post-Effective Date Debtors" in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of the Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2. Initial disclosure pursuant to FED. R. CIV. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

2. On or before September 13, 2024, counsel for the parties shall file a written report outlining their Discovery Plan as required by FED. R. CIV. P. 26(f)(2) & (3). Counsel shall cooperate and endeavor to reach agreement on a single, comprehensive Discovery Plan; if they are unable to agree on a single Discovery Plan, each counsel may submit its proposed plan by September 20, 2024.

3. The Discovery Plan(s) shall include proposed deadlines for (1) serving and responding to document requests, (2) serving and responding to interrogatories and requests for admissions, (3) identifying proposed fact witnesses and providing the time frames and deadlines for beginning and then completing depositions of fact witnesses, and (4) identifying expert witnesses, exchanging expert witness reports and taking expert witness depositions. Unless otherwise ordered by the Court, all fact discovery shall be completed within 152 days after the date of this Order, and all expert discovery shall be completed within 60 days after the deadline for completion of fact discovery.

4. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

5. Motions

a. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by FED. R. CIV. P. 16(b)(2), a motion for summary judgment will be deemed

untimely unless a request for a pre-motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within 14 days after the close of fact discovery (*see* paragraph 3 hereof).

   b. Motion papers shall be filed promptly after service. All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for Plaintiff should be marked by numbers; exhibits for Defendant should be marked by letters.

   c. Two courtesy copies of all motion papers shall be delivered to chambers as soon as practicable after filing.

   **d. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

   e. Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

   6. All counsel must meet face-to-face (in person or by videoconference) to discuss settlement or use of alternative dispute resolution ("ADR") within 14 days after the date of this Order and, again, within 14 after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

7. Counsel shall submit a proposed Joint Pretrial Conference Order within 30 days after the close of fact and expert discovery (whichever is later). The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

8. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

9. The next Case Management Conference is scheduled for February 26, 2025 at 10:00 a.m. ET.[2]

10. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown, provided, however, that discovery deadlines other than those contained in paragraph 3 may be modified by written stipulation of the parties without further Order of this Court. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than 5 days prior to the expiration of the date sought to be extended.

[*Remainder of page intentionally left blank.*]

---

[2] The Court shall provide a Zoom link to those persons who have made an eCourtAppearance by 4:00 p.m. (prevailing Eastern Time) the business day before the hearing. Any party appearing at, listening to, or observing the Hearing, must make an electronic appearance, an eCourtAppearance, by using the eCourtAppearance portal located on the Court's website, http://www.nysb.uscourts.gov/ecourt-appearances or by clicking the "eCourtAppearances" tab on Judge Glenn's page of the Court's website at, https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn. Appearances must be entered on or before 4:00 p.m. (prevailing Eastern Time) on February 25, 2025. After the deadline to make appearances passes, the Court will send Outlook invitations to those persons who made eCourtAppearances, using the email addresses submitted with those appearances.

4

**IT IS SO ORDERED.**

Dated:  September 3, 2024
       New York, New York

                                                  **/s/ Martin Glenn**
                                                  MARTIN GLENN
                                  Chief United States Bankruptcy Judge